UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:14-cv-22245

MIAMI BEACH CRUISES, LLC,
a Florida limited liability company,

    Plaintiff,

vs.

AQUASINO PARTNERS OF SOUTH
CAROLINA, LLC, a South Carolina
limited liability company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MIAMI BEACH CRUISES, LLC ("MBC" or "Plaintiff"), a Florida limited liability company, by and through undersigned counsel, hereby sues Defendant, AQUASINO PARTNERS OF SOUTH CAROLINA, LLC ("Aquasino Partners" or "Defendant"), a South Carolina limited liability company, and states:

## THE PARTIES

1.    Plaintiff MBC is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located in Miami, Florida.

2.    Defendant Aquasino Partners is a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business located in Little River, South Carolina, and was in the business of chartering a certain casino boat, Aquasino (the

"Vessel"), at all times relevant hereto.

## JURISDICTION AND VENUE

3.     This action is brought in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1332 and the forum selection clause contained in Article 20 of the Bareboat Charter of the Cruise Ship Aquasino (the "Charter Contract"), by and between Plaintiff and Defendant. A true and correct copy of the Charter Contract is attached hereto as Exhibit "1" and by this reference is incorporated herein.  The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, reasonable attorneys' fees and costs, as specified by 28 U.S.C. § 1332.  There is true and complete diversity of citizenship.  Plaintiff is a citizen of the State of Florida and Defendant is a citizen of the State of South Carolina.

4.     Venue is proper in the United States District Court for the Southern District of Florida, as (a) the forum selection clause contained in Article 20 of the Contract, provides that this action may be brought in this District and that Defendant waives, to the fullest extent it may effectively do so, any objection that it may have to the laying of venue in the Southern District of Florida, or (b) a substantial part of the events or omissions giving rise to the claims occurred in Miami-Dade County, Florida.

5.     Plaintiff has complied with all conditions precedent to bringing this action or all conditions precedent have been excused, satisfied or waived.

## The Charter Contract

6.     At all times material hereto, MBC was the owner of the Vessel.

7.     On or about January 1, 2011, MBC and Aquasino Partners entered into the Charter

Contract pursuant to which Defendant was to charter the Vessel for a period of three (3) years (the "Charter Period") commencing on January 1, 2011, and ending on December 31, 2013, with an option to extend the Charter Period upon the agreement of the parties.

8.  Pursuant to the Charter Contract, Aquasino Partners was required to pay to MBC charter hire monthly in arrears on or before the 15th day of the following calendar month commencing on February 1, 2011, and continuing thereafter until termination of the Charter Period, at the rate of $3.50 per passenger per month or pro rata for any part of a month (the "Charter Hire").

9.  Under the Charter Contract, Aquasino Partners was required to pay to MBC a minimum monthly Charter Hire payment of Five Thousand and 00/100 Dollars ($5,000.00).

10. Pursuant to Article 6(D) of the Charter Contract, Aquasino Partners was precluded from creating or suffering certain security interests, liens, encumbrances or other charges on the Vessel and, in the event such security interests, liens, encumbrances or other charges were created, Aquasino Partners was required to cause the release or discharge thereof.

11. Under Article 6(F) of the Charter Contract, Aquasino Partners was required to pay and discharge, when and as due and payable, all taxes, assessments, excises, levies, duties, fines and penalties, among other matters, lawfully imposed upon the Vessel or the ownership, use, operation and maintenance of the Vessel during the Charter Period or on any Charter Hire.

12. Aquasino Partners defaulted under the Charter Contract by, among other matters, failing to make certain monthly Charter Hire payments to MBC as required.

13. Aquasino Partners also defaulted under the Charter Contract by failing to respond to a complaint served upon Defendant in connection with its alleged negligent operation of the Vessel

and, thereafter, permitting the plaintiff in that action to secure a lien on the Vessel in the amount of Six Hundred Fifty Thousand and 00/100 Dollars ($650,000.00), as well as permitting and failing to cause the release or discharge of a maritime lien for services, labor and materials provided for the Vessel.

14. Aquasino Partners further defaulted under the Charter Contract by failing to pay Watercraft Taxes due and owing for the years 2011 and 2012 in the approximate amount of One Hundred Eleven Thousand Four Hundred Thirty and 00/100 Dollars ($111,430.00).

15. As a result of its defaults under the Charter Contract, on or about October 23, 2012, MBC delivered to Aquasino Partners a Notice of Default and Intent to Terminate Charter Agreement in accordance with the terms and conditions of the Charter Contract.

16. As a result of Aquasino Partners' failure and refusal to remedy its defaults under the Charter Contract, MBC terminated the Charter Contract.

17. By virtue of Aquasino Partners' breach of the Charter Contract, MBC has and continues to be damaged.

18. MBC has retained the law firm of Tenzer PLLC to represent it in this action and is obligated to pay the firm a reasonable fee for its services.

## COUNT I
## BREACH OF CONTRACT

19. MBC hereby sues Aquasino Partners and realleges and reavers the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. This is an action for damages for breach of the Charter Contract.

21. Aquasino Partners breached the terms and conditions of the Charter Agreement by,

Case 1:14-cv-22245-MGC   Document 1   Entered on FLSD Docket 06/17/2014   Page 5 of 5

Complaint
Miami Beach Cruises, LLC vs. Aquasino Partners of South Carolina, LLC

among other matters, failing to timely make monthly Charter Hire payments, failing to pay Watercraft Taxes when due and payable, and otherwise permitting liens to be filed against the Vessel and failing to secure the release or discharge of same.

22. Aquasino Partners is in default of its obligations under the terms and conditions of the Charter Agreement.

23. By virtue of Aquasino Partners' breach of the Charter Contract, MBC has and continues to sustain damages.

WHEREFORE, Plaintiff, Miami Beach Cruises, LLC, demands judgment against Defendant, Aquasino Partners of South Carolina, LLC, for damages together with interest, fees and costs, including reasonable attorneys' fees pursuant to the terms of the Charter Contract, and for such other and further relief as this Court deems just and proper.

Dated: June 17, 2014

Respectfully submitted,

/s/Kelly A. McGovern
Kelly A. McGovern
Florida Bar No. 28121
kmcgovern@tenzer.com
**TENZER PLLC**
1001 Brickell Bay Drive
Suite 1812
Miami, Florida  33131
Telephone: 305-400-7995
Facsimile:  305-400-7993
Attorneys for Plaintiff Miami Beach Cruises, LLC